COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


RONALD NATHANIEL SAWYER

                                      MEMORANDUM OPINION*
v.    Record No. 0556-03-1                  PER CURIAM
                                         JULY 1, 2003
WORK CLOTHES WAREHOUSE, INC. AND
 UNINSURED EMPLOYER'S FUND


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Matthew H. Kraft; Rutter, Walsh, Mills &
            Rutter, L.L.P., on brief), for appellant.

            (Benjamin M. Mason; Mason, Mason, Walker &
            Hedrick, P.C., on brief), for appellee Work
            Clothes Warehouse, Inc.

            (Jerry W. Kilgore, Attorney General; John J.
            Beall, Jr., Senior Assistant Attorney
            General; James Webb Jones, Assistant Attorney
            General, on brief), for appellee Uninsured
            Employer's Fund.


      Ronald Nathaniel Sawyer (claimant) contends the Workers'

Compensation Commission erred in finding that he failed to prove

that he was entitled to an award of temporary total disability

(TTD) benefits as a result of his compensable July 25, 1997

injury by accident for the periods from (1) July 25, 1997

through August 5, 1997;[1] (2) August 19, 1997 through October 1,

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] Although claimant referred to the time period from January
25, 1997 through August 5, 1997 in his first question presented,
it is clear based upon the date of his compensable accident, the

1997; and (3) November 5, 2001 and continuing.  Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application for an award of TTD benefits for the time periods alleged, the commission found as follows:

> For the first claimed period from July 25 to August 6, 1997, we find no medical evidence of total disability.  Although the claimant testified that he did not work from July 25 to August 5, 1997, there is no supporting medical report.
>
> Regarding the second claimed period from August 19 to October 1, 1997, the medical evidence shows that Dr. [Anthony T.] Carter issued a slip on August 19, 1997, excusing the claimant from work.  Dr. Carter then released the claimant to light duty on September 9, 1997.  The employer presented evidence suggesting that he worked and earned income during this claimed period,

content of the record, and the argument section of claimant's brief, that the correct time period in question was from July 25, 1997 through August 5, 1997.

- 2 -

and the claimant offered contradictory testimony regarding his work efforts during this period.  We find that the evidence of disability for this period is insufficient.

　*　　*　　*　　*　　*　　*　　*

Finally, the claimant alleges temporary total disability beginning November 5, 2001, relying on Dr. [Frank W.] Gwathmey's letter report and the VEC forms completed by Dr. Carter and Dr. Gwathmey.  We do not accept the VEC forms as persuasive evidence of disability in this case.  Dr. Carter signed the form on December 14, 2001, indicating that the claimant was currently unable to work.  However, there are no contemporaneous treatment records to support his opinion.  Dr. Gwathmey indicated on the VEC form that the claimant was totally unable to work from July 25, 1997, to the present.  This response clearly fails to comport with the work history and treatment records after the accident.  The claimant worked at various times, and in fact, was released to work by Dr. Carter on several occasions following the injury.

Dr. Gwathmey's letter is similarly unpersuasive.  To the extent that the language in the letter can be interpreted to excuse the claimant from work as a result of the work injury, we find that the opinion is based on an incomplete and inaccurate history.  We also find Dr. Gwathmey's opinion undermined by his attempt to render an opinion on the VEC form regarding the claimant's work ability since 1997, despite the fact that he first evaluated him in 2001.

### July 25, 1997 Through August 5, 1997

Although claimant testified that he could not work during this time period due to his right wrist fracture sustained on July 25, 1997, there is no medical evidence in the record to

establish that Dr. Carter, the treating physician, removed claimant from work during that period of time. In fact, Dr. Carter's medical records establish that he permitted claimant to perform light-duty work as of August 6, 1997. There is no indication in the medical records that claimant could not have performed light-duty work from July 26, 1997 through August 5, 1997.

Based upon the lack of any medical evidence supporting total disability from work during the period from July 25, 1997 through August 5, 1997, we cannot find as a matter of law that claimant's evidence sustained his burden of proving entitlement to an award of TTD benefits for that period.

### August 19, 1997 Through October 1, 1997

During the period from August 19, 1997 through October 1, 1997, Dr. Carter released claimant to light-duty work on September 9, 1997. Claimant admitted he worked "about a week or two" during that time period. However, employer's evidence contradicted claimant's testimony. Employer's evidence established that claimant worked on August 20, 1997; that he earned $115.00 for the week ending August 23, 1997; that he earned $360.00 for the week ending September 13, 1997; that he earned $227.50 for the week ending September 20, 1997; that he earned $335.00 for the week ending September 27, 1997; and that he earned $55.00 for September 28 and 29, 1997. Moreover, employer's former owner, James Carneal, testified that the only

- 4 -

reason claimant did not earn income during the weeks ending August 30, 1997 and September 6, 1997, was because he chose not to work. Carneal testified that work waiting on customers was available for claimant during that time and that it was offered to him.

Based upon the contradictory evidence in the record regarding claimant's work history during the period from August 19, 1997 through October 1, 1997 and the commission's role as fact finder in evaluating the credibility of the witnesses, we cannot find as a matter of law that claimant sustained his burden of proving he was entitled to an award of TTD benefits from August 19, 1997 through October 1, 1997.

### November 5, 2001 and Continuing

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission weighed the medical evidence and rejected the opinions of Dr. Gwathmey and Carter with respect to claimant's claim of total disability from November 5, 2001 and continuing. The commission noted that there were no contemporaneous medical reports to support Dr. Carter's December 14, 2001 VEC form, that there were contradictions between the VEC form and letter completed by Dr. Gwathmey and the claimant's known work history and treatment records after the accident, and that although Dr. Gwathmey did

- 5 -

not evaluate claimant for the first time until 2001, he rendered an opinion as to claimant's work ability since 1997. In light of these considerations, the commission, as fact finder, was entitled to give little probative weight to the opinions of Drs. Carter and Gwathmey. Accordingly, absent any persuasive medical opinions supporting claimant's assertion of total disability from November 5, 2001 and continuing, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>